OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



**GERALD C. MANN**
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

      Opinion No. O-4191
      Re: Local option election
        petition

  Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

    "Where ninety-five persons sign a petition for a local option election, ninety of them qualified voters, and only forty-five are needed under the law, is it mandatory for the commissioners' court to order an election, in spite of the fact that five persons signed the petition who were not qualified voters?"

  Article 666, Section 32, Vernon's Annotated Texas Penal Code, reads in part as follows:

    "The Commissioners' Court of each county in the State upon its own motion may order an election to be held by the qualified voters in said county, to determine whether or not the sale of liquors shall be prohibited or legalized in such county, and such Court shall order a local option election whenever petitioned to do so by as many as ten (10) per cent of the qualified voters of said county, or of any justice precinct, city or town, taking the votes for Governor at the last preceding general election as the basis for determining the qualified voters in any such county, or political subdivision. . . ."

  The case of Akers v. Remington, 115 S. W. (2d) 714, holds that under the Texas Liquor Control Act authorizing the commissioners' count of each county to order a local option election

THIS COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED . . .

or on the petition of 10 per cent of the qualified voters of the county, a petition which was signed by more than 10 per cent of the qualified voters praying for the commissioners' court to call a local option election was sufficient notwithstanding that it failed to show on its face that the signers were legal voters of the county and whether or not 10 per cent of the qualified voters of the county had signed it as required by statute.

We understand from your request that more than 10 per cent of the qualified voters of the county have signed the petition for the election. This is all that the statute requires. The fact that additional persons who were not qualified voters have signed the petition would have no effect upon such petition. The signatures of such persons neither add to nor detract from the petition.

It follows that your question should be answered in the affirmative, and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED NOV 5, 1947

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:db


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN